```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       |
LUTHERAN MEDICAL CENTER,                               |
                                                       |
                    Petitioner,                        |
                                                       |
            -against-                                  |    **MEMORANDUM & ORDER**
                                                       |    02-CV-6144 (CBA)
Tommy G. THOMPSON, Secretary of                        |
Health and Human Services, and EMPIRE                  |
BLUE CROSS BLUE SHIELD,                                |
                                                       |
                    Respondents.                       |
                                                       |
-------------------------------------------------------X
```

AMON, UNITED STATES DISTRICT JUDGE

Plaintiff Lutheran Medical Center has filed suit against the Secretary of Health and Human Services and Empire Blue Cross Blue Shield (collectively "defendants"). In a first cause of action, Lutheran asserts that the defendants' denial of Lutheran's appeal of a reimbursement decision was arbitrary and capricious. In a second cause of action, Lutheran seeks mandamus relief pursuant to 28 U.S.C. § 1361. The parties filed cross-motions for judgment on the pleadings, or in the alternative summary judgment, on the first cause of action. In addition, defendants moved to dismiss the second cause of action for lack of jurisdiction. For the reasons stated below, the Court grants defendants' motion for judgment on the pleadings, or in the alternative for summary judgment, with respect to the first cause of action and grants defendants' motion to dismiss with respect the second cause of action.

**I.    Background**

Medicare is a federally-funded health insurance program for elderly and disabled persons. Medicare Part A is administered by the Center for Medicare and Medicaid Services

("CMS"), a division of the Department of Health and Human Services ("HHS"). CMS does not directly process Medicare claims, but rather contracts with entities known as "fiscal intermediaries," who are responsible for determining the amount of reimbursement to which providers are entitled. Defendant Empire Blue Cross Blue Shield ("Empire") is such an entity.

In order to be reimbursed, a provider of services must submit a cost report to the intermediary, who reviews and audits the report. 42 C.F.R. § 413.20. In a Notice of Program Reimbursement ("NPR"), the intermediary informs the provider of the costs that the intermediary has determined to be reimbursable. 42 C.F.R. § 405.1803.

If the provider disagrees with the determination, and the total amount in controversy is at least $10,000, the provider can request a hearing before the Provider Reimbursement Review Board ("PRRB" or "Board"), an adjudicatory body within HHS with jurisdiction to hear appeals from final decisions of fiscal intermediaries. 42 U.S.C. § 1395oo. Such requests must be filed within 180 days after notice of the intermediary's final determination. Id. The decision of the PRRB is final unless, within 60 days after the provider has been notified of the Board's decision, the Secretary reverses, affirms, or modifies that decision. However, providers may seek judicial review of any final decision by the Board, or any action by the Secretary, by filing a civil action in district court within 60 days of receipt of notice of the Board's final decision or the Secretary's action on the Board's decision. 42 U.S.C. § 1395oo(f)(1). In addition, the Administrator of CMS may, at his own discretion, review any final decision of the Board. 42 C.F.R. § 405.1875(a). A provider may request such review by the Administrator, but must do so within 15 days of the receipt of the Board decision. Id. at § 405.1875(b). Finally, notwithstanding any right of appeal to the PRRB, a provider may request that an intermediary

reopen a reimbursement decision. See 42 C.F.R. § 405.1885 (2002).[1] Under paragraph (a), a determination "may" be reopened "with respect to findings on matters at issue in such determination" when the provider files a motion to reopen within three years of the determination. 42 C.F.R. § 405.1885(a). Under paragraph (b), the reimbursement determination "must be reopened and revised by the intermediary, if within the 3-year period specified . . . [CMS] provides notice to the intermediary that the intermediary determination . . . is inconsistent with the applicable law . . . " and CMS "explicitly directs the intermediary to reopen and revise" the determination. 42 C.F.R. § 405.1885(b).

Lutheran Medical Center ("Lutheran") is a hospital that provides services to persons covered under Medicare Part A. As a hospital that is considered a "disproportionate share hospital" under the Medicare Act, it receives additional Medicare reimbursement commonly referred to as a "DSH adjustment." In 1997, the Health Care Financing Administration ("HCFA") issued HCFA Ruling 97-2, which directed intermediaries to calculate DSH adjustments by considering all Medicare "eligible" patient days regardless of whether the Medicare Program actually paid for those days.

On June 21, 2001, Empire, acting as a fiscal intermediary, issued an NPR determining the amount of Lutheran's Medicare reimbursement for the 1998 fiscal year ("FY 1998"). Lutheran appealed Empire's determination on December 17, 2001, by timely filing a request for a hearing with the PRRB. (Pl. Rule 56.1 Statement at ¶ 2.) On January 24, 2002, Lutheran received a notice from the PRRB which acknowledged the PRRB's receipt of Lutheran's hearing request and established deadlines for Lutheran's administrative appeal. In particular, the letter advised

---

[1] 42 C.F.R. § 405.1885 was amended effective October 1, 2002, before Lutheran requested that Empire reopen the relevant reimbursement decisions.

Lutheran that the final position paper was to be filed no later than September 1, 2002, and warned Lutheran that failure to meet any of the due dates would result in dismissal of its appeal. The letter also advised that except for a Notice of Board Hearing, which would inform Lutheran of the hearing date, the PRRB would not remind Lutheran of any impending due dates. (Id. at ¶ 4-6.) Lutheran failed to file its position paper by September 1, 2002. (Id. at ¶ 8.) Therefore, on September 24, 2002, the PRRB dismissed Lutheran's appeal. (Id. at ¶ 9.)

On October 23, 2002, the law firm of Garfunkel, Wild & Travis ("Garfunkel") wrote to the PRRB on behalf of its client Lutheran, requesting that the PRRB reopen Lutheran's appeal of the 1998 NPR on the ground that Lutheran's failure to timely file its position paper was due to "excusable inadvertence." (Pl. Motion for Judgment on the Pleadings at 4.) According to Lutheran, it had retained Garfunkel in May 2002 to act as Lutheran's authorized representative for all matters before the PRRB. (Id. at 2.) On May 14, 2002, Garfunkel sent a letter to the PRRB announcing that status and requesting that all future correspondence regarding Lutheran's appeals to the PRRB be directed to Garfunkel. (Id. at 3.) The letter enumerated four appeals that were currently pending before the Board. However, the letter did not specifically mention the PRRB appeal regarding the FY 1998 NPR. (Defs. Motion for Judgment on the Pleadings at 5; Tr. at 3-4.) The letter additionally requested that the PRRB review its files and inform Garfunkel if other appeals had been filed on Lutheran's behalf and, if so, to provide copies of any relevant scheduling letters and other documents. (Pl. Motion for Judgment on the Pleadings at 3.) The PRRB did not respond to the letter. (Id. at 4.)

On November 20, 2002, Lutheran filed suit with this Court, asserting that the dismissal of its appeal by the PRRB was arbitrary and capricious. On January 10, 2003, Lutheran amended its complaint to add a second cause of action, seeking mandamus relief pursuant to 28 U.S.C. §

1361. Lutheran requested that this Court "enforc[e] the requirements of HCFA Ruling 97-2" and instruct the Secretary to direct Empire to recalculate the FY 1998 NPR. (Am. Compl. at 9.) With regard to the first cause of action, the parties filed cross-motions for judgment on the pleadings, or in the alternative, for summary judgment. With regard to the second cause of action, defendants filed a motion to dismiss for lack of subject matter jurisdiction.

## II. Discussion

### A. First cause of action

#### 1. Standard of review

Lutheran seeks review in this Court of the Board's decision to dismiss its appeal of the 1998 reimbursement decision under 42 U.S.C. § 1395oo(f)(1). Judicial review under section 1395oo(f)(1) is governed by the standards set forth in the Administrative Procedure Act ("APA"). See 42 U.S.C. § 1395oo(f)(1) (civil actions seeking such review shall be "tried pursuant to the applicable provisions under chapter 7 of title 5, United States Code notwithstanding any other provisions in [42 U.S.C. § 405]."). This Court may only review a "final decision" of the agency, and such decision may only be set aside it if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Thus, the Board's decision to dismiss Lutheran's appeal may be invalidated under the APA if it is "not rational and [not] based on consideration of the relevant factors." FCC v. Nat'l Citizens Comm. for Broadcasting, 436 U.S. 775, 803 (1978); see also Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). "Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." See Citizens to Pres. Overton

Park v. Volpe, 401 U.S. 402, 416 (1971). Finally, the Court is limited to reviewing the agency's decision and the record on which it was based. 5 U.S.C. § 706(2)(E).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999). When considering a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L.B. Foster Co. v. America Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Nevertheless, the non-moving party cannot rest on "mere allegations or denials" but must instead "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). No genuine issue exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

### 2. The Board's dismissal of the appeal was not arbitrary or capricious

The only final decision of the Board at issue is its dismissal of Lutheran's appeal for failure to timely file the position papers. The merits of the underlying reimbursement decision, which the Board did not address, are not before this Court. See Good Samaritan Hosp. Reg'l Med. Ctr. v. Shalala, 85 F.3d 1057, 1062 (2d Cir. 1996) ("In this case, because the only final decision reached by the PRRB was that it lacked jurisdiction to review Empire's reopening

denials, the district court was limited to reviewing this decision and did not have jurisdiction to review the merits of Empire's reopening decisions."); see also High Country Home Health, Inc. v. Thompson, 359 F.3d 1307, 1310 (10th Cir. 2004) ("There is only one 'final decision by the Board' at issue in this appeal: the dismissal for failure to timely file the final position paper. Although that dismissal was not a decision on the merits, it is still a final decision subject to our jurisdiction."); Binghamton Gen Hosp. v. Shalala, 856 F. Supp. 786, 799 (S.D.N.Y. 1994) ("[O]ur jurisdiction under the Medicare statute is limited to reviewing the PRRB's determination that it lacked jurisdiction to review Empire's denial of plaintiff's reopening request.")

The Board dismissed Lutheran's appeal of the FY 1998 NPR for failure to timely file its final position paper. Lutheran admits having received the Board's January 22, 2002, letter, which advised Lutheran of the critical deadlines applicable to its administrative appeal, including the September 1, 2002, deadline for filing the final position paper. (Pl. Rule 56.1 Statement at ¶5.) In that letter, the Board explicitly informed Lutheran that, "[i]f you miss any of your due dates, the Board will dismiss your appeal," and that, "[e]xcept for the Notice of Board Hearing, which will inform you of a hearing date, the Board will not send further reminders of due dates." (Id. at ¶6.) Lutheran further admits that it did not file its position paper as of the September 1, 2002 deadline. (Id. at ¶ 8.) However, Lutheran argues that the Board's decision was arbitrary and capricious because the Board failed to inform Lutheran's appointed counsel of the filing deadlines.

Lutheran does not argue that the existence of a filing deadline at the Board is arbitrary and capricious or that filing deadlines are outside the bounds of the Board's authority. See 42 U.S.C. § 1395oo(e) ("The Board shall have full power and authority to make rules and establish procedures, not inconsistent with the provisions of this title or regulations of the Secretary,

which are necessary or appropriate to carry out the provisions of this section."). Indeed, as the Sixth Circuit has noted, "[b]oth the procedural requirement [of submitting a timely position paper] itself, as well as the Department's application of it, are reasonable and necessary to the smooth functioning of the agency appellate process, and therefore cannot be considered arbitrary and capricious or an abuse of agency discretion." UHI Inc. v. Thompson, 250 F.3d 993, 996-97 (6th Cir. 2001); see also, High Country, 359 F.3d at 1311 (noting that "[s]trict procedural requirements like this one help manage a docket both by encouraging timely filing and by allowing the adjudicator to ignore late or improperly presented claims" and stating that the balance of interests "counsels in favor of applying our review of an administrative tribunal's procedural rulings especially sparingly").

Furthermore, Lutheran does not assert that it did not received notice of the filing deadline. Rather, Lutheran argues that the decision to dismiss was arbitrary and capricious because the Board failed to explicitly inform Lutheran's counsel of the filing deadline. However, Lutheran had been informed of the deadlines. Whether it chose to communicate those deadlines to its representative was entirely within its own control. See Inova Alexandria Hosp. v. Shalala, 244 F.3d 342, 351 (4th Cir. 2001) (Board's dismissal of provider's appeal and refusal to reinstate were appropriate where the provider failed to file timely due to alleged internal confusion; failure to file "was due to circumstances entirely within [the provider's] own control); UHI, Inc., 250 F.3d at 997 (dismissal not arbitrary or capricious where provider failed to file timely due to alleged office oversight).

Finally, Lutheran does not argue that it explicitly informed the Board that Garfunkel was acting as its counsel in this particular case. Rather, Garfunkel informed the Board that it was acting as Lutheran's counsel in four other cases and requested that the Board "review its records

and provide [Garfunkel] with a listing of any other appeals that have been filed on behalf of [Lutheran]." (Defs. Motion for Judgment on the Pleadings at 5; Tr. at 3-4.) The Board was not under any obligation to inform a later appointed counsel of all of the outstanding appeal deadlines facing a particular provider. See High Country, 359 F.3d at 1313 ("The PRRB was under no duty to hunt around in the record, let alone in the records for other cases, in an attempt to discern the nature of High Country's legal claims."). It is simply not arbitrary and capricious for the Board to decline to search through the tens of thousands of cases on appeal at any given time to find information that the Board had already communicated to a provider in order to save the provider the task of communicating that information to its representative.

In short, Lutheran's argument that the Board acted arbitrarily and capriciously in dismissing Lutheran's appeal for failure to timely file a position paper is without merit. See id. at 1311-15 (PRRB's dismissal of the provider's administrative appeal not arbitrary and capricious, where the provider had failed to file a timely final position paper after having been given notice of the applicable deadline for doing so).

### B. Second Cause of action - This Court does not have jurisdiction over Lutheran's request for mandamus relief

In its second cause of action, Lutheran seeks mandamus relief pursuant to 28 U.S.C. § 1361. Lutheran argues that Empire's reimbursement decision was not properly calculated under HCFA Ruling 97-2 and requests that this Court "enforc[e] the requirements of HCFA Ruling 97-2" and instruct the Secretary to direct Empire to recalculate Lutheran's DSH adjustment for fiscal year 1998.[2]

---

[2] Defendants argue that Lutheran is attempting to use the mandamus statute to seek review of the underlying substance of the 1998 reimbursement decision. As noted above, Empire's substantive determination regarding the amount of Lutheran's reimbursement under

The federal mandamus statute states, in whole, that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The granting of a writ of mandamus under 28 U.S.C. § 1361 is an "extraordinary remedy" that "will issue only to compel the performance of 'a clear nondiscretionary duty.'" Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)); see also Califano v. Yamasaki, 442 U.S. 682, 698 (1979); Assoc. of Am. Med. Colleges v. Califano, 569 F.2d 101, 111 n.80 (D.C. Cir. 1977) (mandamus "is to be employed only under exceptional circumstances, for courts will intervene to disturb the determinations of administrative officers only in clear cases of illegality").

Lutheran fails to meet the jurisdictional prerequisites of a mandamus claims under section 1361. In order to make a claim under section 1361 the following jurisdictional and substantive requirements must be met: (1) the plaintiff must have a clear right to the relief sought; (2) the defendant must have a plainly defined and peremptory duty to do the act in question; and (3) there must be no other adequate remedy available. Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972) (citing United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543-44 (1937)); see also Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).

In this case, it is clear that Lutheran had adequate remedy with which to seek review of Empire's reimbursement determination, such that it is not entitled to mandamus relief. Section 1395oo(a) of Title 42 affords providers the opportunity to appeal reimbursement decisions of

---

Medicare was never reviewed by the PRRB and was not part of the final agency decision. Thus, if relying solely on the jurisdictional mandate of the Medicare Act, the merits of the underlying reimbursement decision are not properly before this Court. See Part II.A, supra.

fiscal intermediaries to the PRRB. By filing a PRRB appeal, Lutheran could have specifically argued that the FY 1998 NPR was not in accordance with HCFA Ruling 97-2, which was decided four years before Empire's reimbursement decision.[3] Furthermore, in its PRRB appeal, Lutheran would have had the opportunity to engage in pre-hearing discovery and to present evidence and testimony at a hearing. See 42 C.F.R. §§ 405.1851 (conduct of PRRB hearing), 405.1853 (prehearing discovery and other proceedings prior to the PRRB hearing), 405.1855 (evidence at PRRB hearing), 405.1857 (subpoenas), 405.1859 (witnesses). Finally, if dissatisfied with the PRRB's decision, Lutheran could have appealed that decision to this Court. See 42 U.S.C. § 1395oo(f)(1).

Nevertheless, Lutheran failed to avail itself of the PRRB review process. As discussed above, although Lutheran filed an appeal with the PRRB, it failed to timely file its final position paper, resulting in the dismissal of its appeal. Lutheran failed to properly pursue the adequate remedy afforded to it via the PRRB appeal process.[4] As such, this Court does not have jurisdiction to issue a writ of mandamus. See Heckler, 466 U.S. at 616 (claimants failed to pursue their "clearly . . . adequate remedy in § [405(b) & (g)] for challenging all aspects of the Secretary's . . . payment"); Good Samaritan Hosp. Reg'l Med. Ctr. v. Shalala, 894 F. Supp. 683,

---

[3] Thus, Lutheran's citation to Monmouth Med. Ctr. v. Thompson, 257 F.3d 807 (D.C. Cir. 2001), is inapposite. HCFA Ruling 97-2 was issued after the reimbursement determinations at issue in that case and thus could not form the basis of the providers' appeals to the PRRB. However, in this case, HCFA Ruling 97-2 was issued four years before the FY 1998 reimbursement decision. Thus, Lutheran could have remedied a violation of that ruling through the standard PRRB appeal procedures.

[4] Lutheran never formally filed a memorandum in opposition to defendants' motion to dismiss with this Court. Lutheran recently mailed to the Court a copy of such a memorandum, which was allegedly served on defendants in May 2004, but which was never filed with the Court. Nevertheless, the Court has reviewed that memorandum and finds that it does not alter the analysis in any way.

696 (S.D.N.Y. 1995) (failure to appeal to PRRB forecloses mandamus jurisdiction), aff'd, 85 F.3d 1057 (2d Cir. 1996).

## CONCLUSION

For the reasons set forth herein, defendants' motion for judgment on the pleadings, or in the alternative, summary judgment on the first cause of action is granted. Defendants' motion to dismiss the second cause of action is also granted. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close this case.

SO ORDERED

Dated: Brooklyn, New York
September 29, 2006

Carol Bagley Amon
United States District Judge